## Manchester Coal Mining Company, et al. v. Smith, et al.

### (Decided March 13, 1928.)

### Appeal from Knox Circuit Court.

1. Appeal and Error.—Where appeal was prosecuted without a bill of exceptions, held, in view of Civil Code of Practice, section 335, that it presented to reviewing court the question of whether the pleadings were sufficient to support the judgment.
2. Appeal and Error.—On appeal, held that only the sufficiency of the amended petition need be considered, where verdict and judgment were for amount sued for under amended petition and ignored the original petition.
3. Pleading.—In suit to recover rentals alleged to be due under a coal lease, allegations of amended petition held insufficient to support judgment for plaintiff, where terms of lease and existence of facts under which defendant allegedly was indebted were not set forth, so that allegations of petition were mere conclusions of pleader.

C. C. WILLIAMS and H. C. HAZELWOOD for appellants.

HIRAM H. OWENS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing in part and affirming in part.

Appellees, C. C. Smith and others, recovered judgment for $17,360 against appellants, Manchester Coal Mining Company and Manchester Mining Company, in the Knox circuit court, and this appeal is prosecuted therefrom.

The judgment was rendered in a common-law action pursuant to the verdict of a jury. Appellants were not present in person or by attorney and no bill of exceptions was prepared or tendered or approved. The appeal having been prosecuted without a bill of exceptions, presents to this court the question whether the pleadings are sufficient to support the judgment. See section 335, Civil Code of Practice, and notes 1, 1a, 1b, 1c, appended thereto.

The original petition filed herein sought to recover $3,500, "rental" alleged to be due under a coal lease. As appellants insist, the petition was defective, and, standing alone, would not be sufficient to support the judgment awarding the relief sought by it. Appellees insist, however, that the answer of appellant Manchester Mining Company, the real party in interest, cured the defects of the petition. If the judgment for $17,360 included the $3,500 sought to be recovered under the petition it would be necessary to determine whether the answer cured the defects of the petition. Such, however, does not appear to be the case. Long after the petition and answer were filed appellees filed an amended petition in which the prayer was for $17,360 in addition to the amount sued for in the original petition. The verdict and judgment was for the $17,360 sued for under the amended petition, and the $3,500 sued for under the original petition was ignored. Hence only the sufficiency of the amended petition need be considered.

By the amended petition it was alleged:

"That since the filing of said petition for the amount sued on therein there has accumulated and become due and payable since February 1, 1922, under said contract royalty to the amount of $17,360, all of which is just, owing, past-due and there are no credits, counterclaims, or set-offs against the same."

Neither the original nor amended petition pleads the terms of the lease contract with reference to "rentals" sued for in the original petition or "royalties" sued for in the amended petition. There is no allegation in either the original or amended petition that appellants, under the terms of the lease, were to become indebted to appellees for "rentals" or "royalties" under any circumstances. Without pleading the terms of the lease and the existence of facts which thereunder caused appellants to be indebted to appellees to the amount sued for in the amended petition, the allegation quoted, supra, is a pure conclusion of the pleader. There is not even an allegation that appellants owe the amount which by way of a conclusion it is alleged is due, or that it is owing to appellees. These are fatal defects, and the amended petition is wholly insufficient to support the judgment. No answer or other pleading was filed responding to or en-

larging the allegations of the amended petition, and, it being insufficient to support a judgment, the judgment entered was erroneous and must be reversed.

Having reached this conclusion it is unnecessary to discuss and determine the several other reasons urged why the judgment should be reversed.

Appellants instituted an action for a new trial hereof under the provisions of subsection 7, section 518, Civil Code of Practice, for alleged unavoidable casualty or misfortune preventing them from appearing and defending. Trial of that action resulted in a judgment dismissing the petition.   An appeal has been prosecuted from that judgment also, and the two appeals have been consolidated. The reversal of the judgment in the original action grants appellants the same relief sought by the second action. Hence, but little need be said as to the judgment in the second action.   It seems to this court that the trial court properly held that there was no showing of unavoidable casualty or misfortune within the section, supra, of the Code.   Hence the judgment in the action for a new trial will be affirmed.

For the reasons indicated, the judgment in the original action is reversed for other proceedings consistent herewith, and the judgment in the action for a new trial is affirmed.